## HEISIG v. UVALDE ROCK ASPHALT CO.
### No. 2197.

Court of Civil Appeals of Texas. Beaumont.
March 31, 1932.

Howth, Adams & Hart, of Beaumont, for appellant.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellee.

O'QUINN, J.

This suit was instituted by the Uvalde Rock Asphalt Company, a corporation, against C. T. Heisig, to recover the amount of principal, interest, and attorneys' fees alleged to be due on a paving certificate issued by the city of Beaumont on December 21, 1926, and a paving contract entered into by and between the said Heisig and the Uvalde Rock Asphalt Company wherein Heisig executed a mechanic's lien on the property fronting the paved section to secure the payment of the price of the paving. A foreclosure of the paving lien and the mechanic's lien was sought.

Appellant answered by plea that appellee's suit was prematurely brought, plea of estoppel, and general denial, and other defenses not necessary to set out.

Judgment was upon an instructed verdict in favor of appellee in the sum of $1,293, principal, interest, and attorney's fees, with interest thereon from the date of the judgment at the rate of 7 per cent. per annum, and foreclosure of the paving and the mechanic's lien on the property. Motion for a new trial was overruled, and the case is before us on appeal.

The paving certificate and the paving contract between appellant and appellee provided for the payment by appellant, Heisig, to appellee, of the principal sum of $1,782.96, with interest thereon from the date of the completion of the improvements and acceptance thereof by the city at the rate of 7 per cent. per annum until paid, and 10 per cent. attorneys' fees if not paid at maturity and placed in the hands of an attorney for collection.

The certificate issued by the city and the contract between the parties provided that appellant had the option to pay the indebtedness all in cash at the date of the completion and acceptance of the improvements by the city, or in five equal installments, the first in thirty days, and the others in one, two, three, and four years, respectively, after the date of the completion and acceptance of the improvements. The paving was completed and accepted by the city on December 21, 1926. The pleadings of both parties and the evidence showed that appellant elected to pay in installments. They were in the sum of $356.59 each. The first fell due on January 20, 1927, and the second on December 21, 1927. The interest on these installments was $41.60 and $99.85, respectively, making a total of $854.63. Appellant sold a portion of the property fronting on the pavement, and had the purchaser to pay on said paving the sum of $872.36. The payment of the said sum of $872.36 more than covered the first two installments when due. The third installment was not due until December 21, 1928. The suit was filed December 13, 1928.

■ Appellant's first two propositions urge that the suit was prematurely brought because at the time the suit was filed he was not in default in any of his payments—nothing was due and unpaid, and that, appellee not having amended its petition after appellant became in default, there was no basis for the judgment. The assignments will have to be sustained. The above-stated facts show the suit was filed eight days before the third installment became due and appellee did not afterwards amend its petition. A suit cannot be maintained upon a cause of action that does not exist at the time the suit is commenced, and the cause of action arising subsequent to the commencement of the suit, and not declared on after it has arisen, cannot furnish a basis for a recovery. Moore v. Marland Oil Co. (Tex. Com. App.) 7 S.W.(2d) 59.

The other questions presented need not be discussed, as upon another trial they may not arise.

The judgment is reversed, and the cause remanded.